UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONATHAN REDAR,                                                                   **MEMORANDUM
                                                                                               AND ORDER**
              Plaintiff,                                                         25-CV-00120-SJB-ARL

      v.

SUFFOLK COUNTY POLICE DEPARTMENT
6TH PRECINCT, et al.,

              Defendants.
-----------------------------------------------------------------x

**BULSARA, United States District Judge:**

      Pro se Plaintiff Jonathan Redar ("Redar"), currently incarcerated at the Suffolk County Correctional Facility, filed this Section 1983 action against the Suffolk County Police Department 6th Precinct ("SCPD") and five individual SCPD officers: Daniel Paiva, Vashawn Hussain, Shaun Sullivan, Joel Lopez, and Richard Negron (collectively, "Defendants"). (Compl. dated Dec. 31, 2024 ("Compl."), Dkt. No. 1 ¶ 1). Redar also filed a motion to proceed *in forma pauperis* ("IFP"). (Mot. dated Dec. 31, 2024, Dkt. No. 2). Redar's request to proceed IFP is granted. However, for the reasons discussed below, his case is stayed pending resolution of his underlying state criminal proceedings.

BACKGROUND

      Redar brought this action on January 6, 2025, claiming civil rights violations by SCPD officers during his arrest at a Walmart in Yaphank, New York on May 15, 2024. (Compl. ¶ II). Redar alleges the following: at his arrest, he was tackled by multiple SCPD officers, handcuffed and searched, not read his *Miranda* rights, and not told what

he was being arrested for. (*Id.*). The searches of Redar's person and vehicle yielded "nothing" (*id.*); he was then taken to the Sixth Precinct where he was interrogated until early the next morning, then arraigned at the Central Islip District Court on charges he "had no knowledge of and [is] innocent of." (*Id.*). As a result, Redar claims to have suffered severe chest and back pain, leg pain, and nerve damage; has difficulty breathing; and experiences nightmares and mental anguish. (*Id.* ¶ II.A). Redar seeks eight million dollars in damages. (*Id.* ¶ III).

## DISCUSSION

I.   *Heck v. Humphrey*

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the court must dismiss the complaint, unless the conviction or sentence has been invalidated. *Id.* Interpreting *Heck*, the Second Circuit held that "if success on a § 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist." *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999) (quotations omitted). But at the same time, "[n]ot every § 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination." *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014). "[M]any violations of constitutional rights, even during the criminal process, may be remedied *without* impugning the validity of a conviction." *Id.*

2

(emphasis added) (contrasting claims for malicious prosecution, which generally require attacking conviction validity, with those for excessive force and unreasonable search, which do not).

To that end, § 1983 claims accrue once "the plaintiff 'has a complete and present cause of action.'" *Mallet v. N.Y. State Dep't of Corrs. & Cmty. Supervision*, 126 F. 4th 125, 131 (2d Cir. 2025) (quoting *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015)).  To determine whether a claim has accrued, courts "begin by 'identifying the specific constitutional right alleged to have been infringed,'" *id.* (quoting *McDonough v. Smith*, 588 U.S. 109, 115 (2019)), then "ask when the plaintiff knew or had reason to know of 'the injury which is the basis of his action,' *i.e.*, the alleged injury which—according to the plaintiff—amounts to an infringement of that constitutional right." *Id.* at 131–32 (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).

Here, Redar asserts claims for false arrest, excessive force, and unlawful search and seizure of his person and vehicle.  (*See* Compl. ¶ II).  Redar seeks only monetary damages, not injunctive relief.  (*Id.* ¶ III).  The Court finds that none of Redar's claims are barred by *Heck*, and all are timely.[1]

"Claims of false arrest and false imprisonment accrue against a plaintiff 'when legal process [i]s initiated against him.'" *Steinbergin v. City of New York*, No. 21-536, 2022 WL 1231709, at *2 (2d Cir. 2022) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)).

---

[1] Redar was arraigned on June 5, 2024; a jury returned a guilty verdict on May 7, 2025; and he is currently awaiting sentencing.  Judgment has not been entered.  *Courts: WebCriminal Case Details – Appearances*, N.Y. State Unified Ct. Sys., https://shorturl.at/Jhagt (last visited June 23, 2025) [https://perma.cc/3ED5-YZC3].

3

"[S]uch process has begun at least by the point a criminal defendant is arraigned on charges, such that a plaintiff need not wait for his conviction to be overturned or invalidated to pursue an arrest-based claim[.]" *Id.* (internal quotations and citations omitted, citing *McDonough*, 588 U.S. at 122)). And because a plaintiff's false arrest "may be remedied without impugning the validity of a conviction," Redar's claim that he was arrested without legal process is not barred by *Heck*. *Poventud*, 750 F.3d at 132 ("When a plaintiff is unlawfully arrested without probable cause, his § 1983 claim accrues before any conviction."); *Wallace*, 549 U.S. at 397.

Redar's claim for false arrest accrued when he was arraigned on June 5, 2024. Filed on January 6, 2025, within one year of his arraignment, Redar's false arrest claim—which is not barred by *Heck*—is therefore timely under New York's three-year statute of limitations for § 1983 actions. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Cooper v. City of New York*, No. 17-CV-1517, 2019 WL 3642996, at *13 (E.D.N.Y. Aug. 5, 2019).

Redar's claim that Defendants used excessive force in conducting his arrest also "has no bearing or impact on his underlying conviction or on the state court criminal proceedings." *Banyan v. Sikorski*, No. 17-CV-4942, 2021 WL 3271735, at *5 (S.D.N.Y. July 30, 2021) (quotations and citation omitted). Because "a lawful arrest can be accompanied by excessive force," Redar's action, "'even if successful, will not demonstrate the invalidity of any outstanding criminal judgment[.]'" *Kuar v. Mawn*, No. 08-CV-4401, 2011 WL 838911, at *11 (E.D.N.Y. Mar. 4, 2011) (emphasis omitted) (quoting *Jackson v. Suffolk Cnty. Homicide Bureau*, 135 F.3d 254, 256 (2d Cir. 1998)); *see also Poventud*, 750 F.3d at 132 ("[W]hen a suspect sues his arresting officer for excessive

4

force, a § 1983 suit may proceed even if the suspect is ultimately convicted of resisting arrest."). Beyond that, here, Redar's criminal charges stem from an incident that occurred prior to his arrest, not in connection therewith, (Compl. ¶ II), such that his claim "do[es] not depend on the invalidity" of his criminal conviction.[2] *See Shapard v. Attea*, 710 F. App'x 15, 17–18 (2d Cir. 2017).

Accordingly, Redar's excessive force claim is not barred by *Heck*. Given that the claim accrued on May 15, 2024—the date on which Redar was arrested and allegedly subject to excessive force—the claim is also timely, *i.e.* brought within three years of accrual. *See Johnson v. City of New York*, No. 18-CV-5623, 2020 WL 3100197, at *2–*3 (S.D.N.Y. June 11, 2020).

The Court reaches the same conclusion with respect to Redar's claim for unlawful search and seizure. "Because of doctrines like independent source and inevitable discovery" "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7. "The governing standard for this exception is 'whether a prisoner's victory in a § 1983 suit would *necessarily demonstrate* the invalidity of his conviction or sentence.'" *Stegemann v. Rensselaer Cnty. Sheriff's Off.*, No. 20-CV-3316, 2021 WL 5492966, at *2 (2d Cir. Nov. 23, 2021) (quoting *McKitchen v. Brown*, 481 F.3d 89,

---

[2] According to the New York State criminal case database, Redar was arrested on May 15, 2024, in relation to an incident that occurred on May 7, 2024. *Courts: WebCriminal Case Details – Summary*, N.Y. State Unified Ct. Sys., https://shorturl.at/FyLfT (last visited June 23, 2025) [https://perma.cc/LQG5-AURF].

5

102 (2d Cir. 2007) (emphasis in original). Redar alleges he knew of the search, which took place on May 15, 2024, and that the search found "nothing." (Compl. ¶ II). At this stage there is nothing to suggest that any conviction—should Redar be convicted—would or even could hinge on evidence of a search that allegedly produced "nothing." Accordingly, *Heck* does not require dismissal of Redar's unlawful search and seizure claim. *E.g.*, *Adeleke v. Johnson*, No. 20-CV-5224, 2022 WL 4226042, at *3–*4 (E.D.N.Y. Sept. 13, 2022).

"[A] claim for an illegal search [and seizure] accrues when the property is taken (so long as the plaintiff knows or has reason to know of the taking), because that is when the plaintiff's rights have been intruded upon and the time at which he has a complete and present cause of action." *Mallard v. Potenza*, No. 94-CV-223, 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007), *aff'd*, 376 F. App'x 132 (2d Cir. 2010); *see also Rivera v. City of New York*, No. 16-CV-9709, 2019 WL 252019, at *4 (S.D.N.Y. Jan. 17, 2019) ("Accordingly, Rivera's unlawful search claim accrued on the date that the allegedly unlawful search occurred[.]").

Because Redar alleges the search took place on the date of his arrest, May 15, 2024, his unlawful search and seizure claim, brought within the three-year statute of limitations, is also timely.

II.     Stay of Section 1983 Claims

Though Redar's claims have been brought within the applicable statute of limitations and are not barred by *Heck*, where "a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made

in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case [has] ended." *Wallace*, 549 U.S. at 393–94. Accordingly, Redar's § 1983 action is stayed pending resolution of his criminal case, "the outcome of which could affect the viability, scope, and/or resolution" of this action (if, for example, Redar is convicted or acquitted on charges that bear in some way on his civil suit). *See Williams v. Toto*, No. 20-CV-4593, 2021 WL 2351176, at *12 (E.D.N.Y. June 9, 2021) (collecting cases); *Robinson v. City of New York*, No. 24-CV-3283, 2024 WL 3318132, at *2 (staying false arrest, excessive force, and unlawful search and seizure claims to "potentially avoid a wasteful duplication of resources").

## CONCLUSION

Redar's IFP motion is granted, and the action is stayed pending resolution of his state court criminal case. Within two weeks of the conclusion of his criminal case, Redar must file a letter with the Court requesting that the stay be lifted. The Court will then direct service to be completed on Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Sanket J. Bulsara
SANKET J. BULSARA
United States District Judge

Dated: July 2, 2025
Central Islip, New York